UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOMAS RIVERA TANCO, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action No. 17-cv-10048-ADB |
| | * |
| COMMISSIONER OF SOCIAL SECURITY, | * |
| | * |
| Defendant. | * |

# MEMORANDUM AND ORDER
# ADOPTING AMENDED REPORT AND RECOMMENDATION

BURROUGHS, D.J.

Plaintiff Tomas Rivera Tanco ("Mr. Rivera Tanco" or "Claimant") brings this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Supplemental Security Income ("SSI") benefits. Currently pending are Claimant's motion to reverse or remand the Commissioner's decision denying his claim for SSI benefits [ECF No. 28], and the Commissioner's cross-motion for an order affirming the decision. [ECF No. 32]. The Court referred these motions to Magistrate Judge M. Page Kelley for a report and recommendation. [ECF No. 25]. On January 29, 2018, Judge Kelley issued a Report and Recommendation, followed by an Amended Report and Recommendation on January 30, 2018, to the effect that Claimant's motion should be denied and Defendant's motion should be allowed. [ECF Nos. 36, 37]. On February 12, 2018, Claimant filed his objections to the Amended Report and Recommendation. [ECF No. 38]. On February 26, 2018, the Commissioner replied to the

objections. [ECF No. 39]. Upon *de novo* review, the Court hereby ADOPTS the Amended Report and Recommendation [ECF No. 37] for the reasons set forth therein.

Claimant objected to the Amended Report and Recommendation on the grounds that it overlooked the ALJ's failure to rely on any medical opinion in determining the RFC and that the ALJ instead relied on his own layperson's assessment of the medical evidence.[1] Judge Kelley acknowledged the well-established rule that an ALJ is not qualified to determine a claimant's RFC "based on a bare medical record," but that an ALJ is also not "precluded from rendering common sense judgments about functional capacity based on medical findings, as long as the [ALJ] does not overstep the bounds of a lay person's competence and render a medical judgment." [ECF No. 37 at 13] (quoting Gordils v. Sec'y of Health & Human Servs., 921 F.2d 327, 329 (1st Cir. 1990)). Here, the ALJ found that Claimant had the RFC to perform a full range of work at all exertional levels but was limited to simple, unskilled work in a low-stress job, occasional decision-making, occasional changes in work setting, occasional interaction with co-workers, no interaction with the public, and no performance of tandem tasks. [R. 20].[2] In determining Claimant's RFC, the ALJ expressly gave great weight to the opinion of consultative psychologist David Husson, Psy.D., as well as some weight to the opinions of Claimant's treating physicians, therapist Ana Cabacoff, LICSW and psychiatrist Michael Kittay, M.D. [R. 21]. Taken together, their opinions conveyed that although Claimant had difficulty timely completing tasks during stressful situations, he was able to follow short and simple instructions. [R. 361−63, 385−87, 475−76]. While Ms. Cabacoff and Dr. Kittay recognized Claimant's

---

[1] The Commissioner asserts that Claimant has waived several arguments by not raising them before the Magistrate Judge. [ECF No. 39 at 3]. The Court does not address the waiver issue and proceeds to the merits.
[2] References to pages in the Administrative Record, which were filed electronically at ECF No. 19, are cited as "[R. __ ]."

challenges with socialization and his preference to be alone, Dr. Husson more recently found that although Claimant preferred to be alone, he did not have major withdrawal or isolation, and that there was no clear indication that he would have major interpersonal challenges with coworkers or supervisors. [R. 475−76]. The ALJ appropriately weighed these medical opinions and the evidence in the record to reach common-sense judgments about Claimant's RFC. See Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 144 (1st Cir. 1987) (where administrative record "contains more than raw, uninterpreted clinical data such as would be inadequate for lay consideration," judge was not "powerless to piece together the relevant medical facts from the findings and opinions of multiple physicians"); accord Guzman v. Colvin, No. 15−230, 2016 WL 1275036, at *2 (D.N.H. Apr. 1, 2016).

Accordingly, the Court **ADOPTS** the Amended Report and Recommendation. [ECF No. 37]. Claimant's motion to reverse or remand [ECF No. 28] is **DENIED** and the Commissioner's motion to affirm [ECF No. 32] is **ALLOWED**.

**SO ORDERED.**

February 27, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE